

**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Thompson, Rafique
2019652230
12-2-19

03/15/2021

VB
AHn   MP

Werner Enterprises, Inc.
Sandy Wagner
Werner Enterprises
14507 Frontier Road
Omaha NE 68138

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Item: 2021-68

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1. | **Entity Served:** | Werner Enterprises, Inc. |
|---|---|---|
| 2. | **Title of Action:** | Megan Joncas vs. Rafique Thompson |
| 3. | **Document(s) Served:** | Summons<br>Complaint<br>Plaintiff's Interrogatories and Request for Production of Documents to Werner Enterprises, Inc.<br>Request for Admissions to Werner Enterprises, Inc. |
| 4. | **Court/Agency:** | Suffolk County Circuit Court |
| 5. | **State Served:** | Virginia |
| 6. | **Case Number:** | 800CL21000599-00 |
| 7. | **Case Type:** | Negligence/Personal Injury |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Friday 03/12/21 |
| 10. | **Date to Client:** | Monday 03/15/2021 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 21<br>Friday 04/02/2021 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Kalfus & Nachman, P.C.<br>Norfolk, VA<br>757-461-4900 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 471 |
| 16. | **Notes:** | None |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

801 US Highway 1 North Palm Beach, FL 33408  Tel: (561) 694-8107  Fax: (561) 694-1639
www.CorporateCreations.com

**EXHIBIT**
tabbies
**A**

# COMMONWEALTH OF VIRGINIA



### SUFFOLK CIRCUIT COURT
Civil Division
150 N. MAIN STREET
SUFFOLK VA
(757) 514-7800

Summons

To: WERNER ENTERPRISES, INC.
R/A CORPORATE CREATIONS
NETWORK, INC.
425 WEST WASHINGTON STREET
SUITE 4
SUFFOLK VA 23434-5320

Case No. 800CL21000599-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, March 04, 2021

Clerk of Court: W. R. CARTER JR.

by _____
CLERK/DEPUTY CLERK

Instructions:

Hearing Official:

Attorney's name: O'DAWE, COLIN P
757-461-4900

**SERVED BY**
**DRISKELL SERVICES, INC.**
757-961-6961

VIRGINIA:   IN THE CIRCUIT COURT FOR THE CITY OF SUFFOLK

MEGAN JONCAS,

        Plaintiff

vs.                              CASE #:    CL21599

RAFIQUE THOMPSON,

***SERVE:***    ***RAFIQUE THOMPSON***
                  ***2050 South Ridgewood Avenue, H24***
                  ***South Daytona, Florida 32119***
and

WERNER ENTERPRISES, INC.,

***SERVE:***    ***WERNER ENTERPRISES, INC.***
                  ***R/A Corporate Creations Network, Inc.***
                  ***425 West Washington Street, Suite 4***
                  ***Suffolk, Virginia 23434-5320***

                  Defendants.

## COMPLAINT

    NOW COMES your plaintiff Megan Joncas and respectfully moves the Circuit Court for the City of Suffolk for judgment of and against the defendants Rafique Thompson and Werner Enterprises, Inc. (hereinafter referred to as "Werner Enterprises"), jointly and severally, and on the grounds set forth herein and in the sum of THREE MILLION SEVEN HUNDRED FIFTY THOUSAND ($3,750,000.00) in compensatory damages, together with pre-judgment interest against the defendants Rafique Thompson and Werner Enterprises from December 2, 2019 and her taxable court costs, and in support of her Complaint, the plaintiff states as follows:

## FACTS APPLICABLE TO ALL COUNTS

1.      Upon information and belief, at all times relevant hereto the plaintiff Megan Joncas is a resident and domiciled in the Commonwealth of Virginia.

2.      Upon information and belief, at all times relevant hereto the defendant Werner Enterprises is a corporation that is authorized to transact business, has done business and is continuing to do business in the Commonwealth of Virginia.

3.      Upon information and belief, at all times relevant hereto the defendant Werner Enterprises has a registered office and agent to receive process at Corporate Creations Network, Inc., 425 West Washington Street, Suite 4 in the City of Suffolk, Virginia.

4.      Upon information and belief, the defendant Werner Enterprises conducts substantial business activity in the Commonwealth of Virginia with office locations in Front Royal, Virginia; Staunton, Virginia; and South Boston, Virginia.

5.      Upon information and belief, at all times relevant hereto the defendant Werner Enterprises employed defendant Rafique Thompson, who was operating a 2019 International commercial truck bearing USDOT number 53467, which was owned by Werner Enterprises at the time of the subject motor vehicle collision on December 2, 2019.

6.      Upon information and belief, the defendant Rafique Thompson was employed in a training capacity with defendant Werner Enterprises with an instructor sitting in the passenger seat.

7.      Upon information and belief, at all times relevant hereto the defendant Rafique Thompson was an employee, agent, and/or servant of defendant Werner Enterprises and for all times mentioned herein, defendant Rafique Thompson was acting within the course and scope of his employment, agency, and/or servitude with defendant Werner Enterprises.

8.      Upon information and belief, the subject commercial truck originated out of the defendant Werner Enterprises' 2121 Industrial Park Road, South Boston, Virginia location on the day of the subject motor vehicle wreck.

<u>**COUNT I - NEGLIGENCE OF RAFIQUE THOMPSON**</u>

9.      The plaintiff hereby adopts and incorporates by reference all the allegations of all preceding paragraphs of the Complaint as if set forth more fully herein.

10.     On or about December 2, 2019 at or about 7:01 p.m., the plaintiff was lawfully operating her 2017 Ford Fiesta traveling westbound on Holland Road approaching its intersection with Chappell Drive in the City of Suffolk, Virginia.

11.     At the same time and place, the defendant Rafique Thompson was operating a 2019 International commercial truck, which was owned by Werner Enterprises, traveling southbound on Chappell Drive approaching its intersection with Holland Road in the City of Suffolk, Virginia.

12.     At the same time and place, it was the duty of the defendant Rafique Thompson to operate the 2019 International commercial truck in a safe and lawful manner so as not in injure the plaintiff and others using the road, and in compliance with the laws of the Commonwealth of Virginia, the Federal Motor Carrier Safety Administration Regulations and the rules of the road made and provided for the safe operation of a motor vehicle and a commercial motor vehicle.

13.     Notwithstanding the above duties and in breach of same,  at the same time and place, the defendant Rafique Thompson, without warning, negligently, recklessly and carelessly breached those duties and entered the intersection of Holland Road and Chappell Drive when it was not reasonably safe to do so, and leaving the rear wheels of the commercial truck in the left-hand lane of Holland Road westbound.  The wheels were not visible as it was pitch dark and no reflectors or warnings could be seen due to the commercial truck's angle.  This caused the plaintiff's 2017 Ford Fiesta motor vehicle to crash into the commercial truck's rear wheels which forced the plaintiff's vehicle to spin around and finally come to a rest facing east in the westbound lanes of travel on Holland Road in the City of Suffolk, Virginia.

14.     The defendant Rafique Thompson's negligence aforesaid included but was not limited to the following; failed to keep a proper lookout; failed to keep his vehicle under proper control; failed to keep a safe distance between his vehicle and the vehicle operated by Ms. Joncas; failed to yield right-of-way; operated his motor vehicle with reckless disregard for other drivers on the road; entered an intersection when it was not reasonably safe to do so; obstructed the highway; and was or may have been negligent in other ways which may be revealed through the discovery process.

15.     As a direct and proximate result of the carelessness, recklessness, and negligence of the defendant as aforesaid, the plaintiff was caused to sustain serious, severe, painful and permanent injuries; has incurred medical and hospital expenses in an effort to be healed and cured and will continue to incur said expenses in the future; has suffered and will continue to suffer great physical pain and mental anguish; has been unable to carry on her usual occupation; has lost time from work and will continue to lose time from work in the future; has lost and will continue in the future to sustain a loss of earning capacity; has been otherwise injured and damaged and will continue to be so injured and damaged.

## COUNT II - NEGLIGENCE OF WERNER ENTERPRISES, INC.

16.     The plaintiff hereby adopts and incorporates by reference all of the allegations of the prior paragraphs of the Complaint, as if set forth more fully herein; and further:

17.     At the same time and place, it was the duty of the defendant, Werner Enterprises, to properly maintain the 2019 International commercial truck.

18.     At the same time and place, it was the duty of the defendant, Werner Enterprises, to properly supervise and train its employee and agent driver Rafique Thompson.

19.     Upon information and belief, at all times relevant hereto, defendant Rafique Thompson was an employee, agent, owner, and/or servant of defendant Werner Enterprises and that for all times mentioned herein, defendant Rafique Thompson was acting within the course and scope of his employment, agency, and/or servitude with defendant Werner Enterprises.

20.     Defendant Werner Enterprises is responsible for the negligent acts of defendant Rafique Thompson under the legal principles of agency and the doctrine of *respondeat superior*.

21.     The collision and resulting injuries suffered by the plaintiff were proximately caused by the joint and several negligence, recklessness, and carelessness of defendants Rafique Thompson and Werner Enterprises as set forth herein.

22.     As a direct and proximate result of the carelessness, recklessness and negligence of the defendant, as aforesaid, the plaintiff was caused to sustain serious, severe, painful and permanent injuries; has incurred medical and hospital expenses in an effort to be healed and cured and will continue to incur said expenses in the future; has been unable to carry on her usual occupation; has lost time from work and will continue to lose time from work in the future; has lost and will continue in the future to sustain a loss of earning capacity has suffered and will continue to suffer great physical pain and mental anguish; has been otherwise injured and damaged and will continue to be so injured and damaged.

WHEREFORE, your plaintiff Megan Joncas moves this Honorable Court for judgment of and against the defendants Rafique Thompson and Werner Enterprises, Inc., jointly and severally, and on the grounds set forth herein and in the sum of THREE MILLION SEVEN HUNDRED FIFTY THOUSAND ($3,750,000.00) in compensatory damages, together with pre-judgment interest from December 2, 2019 and her taxable court costs as aforesaid, and for all general and equitable relief.

TRIAL BY JURY IS DEMANDED.

MEGAN JONCAS

By: _____
Of Counsel

Colin P. O'Dawe, Esq.
(VSB #74162)
KALFUS & NACHMAN, P.C,
870 North Military Highway, Suite 300
Norfolk, Virginia 23502
757-461-4900 telephone
757-461-1518 facsimile
cpo@knlegal.com

VIRGINIA:   IN THE CIRCUIT COURT FOR THE CITY OF SUFFOLK

MEGAN JONCAS,

     Plaintiff,

vs.                                                                                                CASE #:  _CL21599_

RAFIQUE THOMPSON,

and

WERNER ENTERPRISES, INC.,

     Defendants.

## PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO WERNER ENTERPRISES, INC.

**TO:**   ***WERNER ENTERPRISES, INC.***
*R/A Corporate Creations Network, Inc.*
*425 West Washington Street, Suite 4*
*Suffolk, Virginia 23434-5320*

NOW COMES the Plaintiff, Megan Joncas, by counsel, and requests that the Defendant, Werner Enterprises, Inc., answer under oath the following Interrogatories and Request for Production of Documents, within twenty-eight (28) days, as required by Rule 4:8 and 4:9 of the Rules of the Supreme Court of Virginia.

## INSTRUCTIONS

In answering these interrogatories and request for production of documents, please furnish all information which is available to you or any of your agents, including attorneys or investigators, and not merely such information known of your personal knowledge.   If you cannot answer in full after exercising due diligence to secure the information to do so, so state, then answer to the extent possible, indicating the reason for your inability to answer fully.   If an objection is made to an interrogatory, an answer should be made to such part of the interrogatory that is not considered objectionable.

If the answer is made by a corporate defendant, state the name, address and title of the person supplying the information, together with the source of his or her information. These interrogatories and request for production of documents are deemed continuing in nature so as to require supplemental answers under oath within fifteen (15) days after you or your agents acquire any further information sought by these interrogatories or requests and in no event no later than ten (10) days before trial.

Unless otherwise indicated, these interrogatories and requests refer to the time, place, circumstances and acts described in the plaintiff's Complaint.

## DEFINITIONS

1.      "Identify" or "identity" when used in reference to an individual person, means to state the full name, present or last known address, telephone number, and present or last known position or business affiliation of such person.   When used in reference to a corporation or other business entity, "identify" or "identity" means to state the division or unit of the corporation or other business entity and the address and telephone number of that division or unit.

2.      "You" or "your" means the defendant, his employees, agents, representatives, attorneys, experts, investigators, insurer, or anyone acting on behalf of any of the foregoing.

3.      "Person" shall mean and include any individual, sole proprietorship, partnership, corporation, association or government agency.

4.      "Documents" means any written, recorded or graphic matter however produced or reproduced and whether or not claimed to be privileged against discovery on any grounds, including, but not limited to, reports, records, lists, memoranda, telegrams, correspondence, schedules, photographs, videotapes, sound recordings, microfilm, microfiche, films, discs and information stored in computers or other data or word processing equipment.

2

5.     The terms "motor vehicle collision," "collision," "subject collision," "wreck," "accident," "incident" "subject incident," "occurrence," and "subject occurrence" all refer to the motor vehicle accident involving the vehicle operated by defendant Rafique Thompson and the vehicle operated by the plaintiff Megan Joncas on December 2, 2019 as set forth in the Complaint.

6.     The terms "roadway," "road," and "highway," all refer to Holland Road near its intersection with Chappell Drive in the City of Suffolk, Virginia where the accident occurred, unless specifically stated otherwise within the request.

7.     Unless specifically stated otherwise, the terms "site" and "scene" refer to the entire area where the subject incident occurred, encompassing the places where the various vehicles first made contact, the places where they came to rest, and all areas in between.

8.     The terms "truck," "vehicle," "motor vehicle," "defendants' vehicle," "defendants' truck" "defendants' commercial truck," and "defendants' tractor-trailer" refer to the 2019 International commercial truck that was being operated by defendant Rafique Thompson and was involved in the motor vehicle collision that occurred on December 2, 2019 as set forth in the Complaint filed in this matter.

## PRIVILEGE

If any document referred to in any Interrogatory or Request for Production, or in your response to any Interrogatory or Request for Production, would be identified, described, or produced except for the fact that a privilege against such identification, description, or production is claimed, then set forth for each such document:

(a)     its date, title, type of document, and its length;

(b)     its writer, preparer, sender, addressee and every person receiving copies;

3

(c)     a general description of its subject matter;

(d)     the exact grounds on which the objection to production is based;

(e)     the identity of all persons, in addition to those identified as required by section (b), supra, known to you who have seen the document; and

(f)     the identity of the person now in possession of the document.

## DOCUMENTS NO LONGER IN EXISTENCE OR NO LONGER UNDER POSSESSION, CUSTODY OR CONTROL

If any document referred to in any Interrogatory or Request for Production, or in your response to any Interrogatory or Request for Production, was at one time in existence and under defendant's or defendant's attorney's possession, custody or control, but has been lost, discarded or destroyed, or has been removed from defendant's or defendant's attorney's possession, custody or control, then with respect to each such document:

(a)     identify and describe such document by date, title, and type of document;

(b)     state when each such document was most recently in the possession of or subject to the control of the defendant, or defendant's attorneys, and what disposition was made of such document, including an identification of the person, if any, presently in possession or control of such document;

(c)     state when such document was transferred or destroyed, identify the person who transferred or destroyed such document and the persons who authorized or directed that the document be transferred or destroyed or having knowledge of its transfer or destruction, and state the reason such document was transferred or destroyed; and

(d)     identify all persons having knowledge of the contents thereof.

4

## INTERROGATORIES

1.      Please provide the full name, home address, home phone number, business, address, office phone number, place of employment and job position for each and every person, firm, or entity who answered or assisted in answering these Interrogatories.

**ANSWER:**

2.      Does any primary and/or excess insurance agreement or bond exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiff in this action?

(a)      If such an insurance agreement or bond does exist, what are the limits of liability contained in the terms of each such agreement?

(b)      If such an insurance agreement or bond does exist, what are the legal names of each and every party to each agreement itself and to any further or subordinate agreement which in any way relates to the terms of any such agreement?

(c)      What is the amount of any deductible or self-insured retention as to each such agreement?

**ANSWER:**

3.      If you or anyone acting on your behalf obtained statements in any form from any person regarding the subject collision, the Plaintiff and/or Plaintiff's past medical care, including but not limited to statements made by the Plaintiff, state with respect to each such statement:

(a)     the name and address of the person(s) from whom such statement was obtained;

(b)     the name and address of the person(s) to whom such statement was made;

(c)     the date the statement was made;

(d)     the form of the statement;

(e)     if the statement was written, whether it was signed; and

(f)     the names and addresses of all persons presently having custody of the statement.

**ANSWER:**

6

4.      Do you, your attorneys, your insurance carriers or anyone acting on your or their behalf have or know of any photographs, motion pictures, maps, plats, drawings, diagrams, measurements, videotapes, audio recordings or other tangible or documentary evidence concerning any of the events, happenings, scene of the wreck, the condition of any vehicle (or any part thereof) involved in the wreck either before or after the event alleged in this action, or the plaintiff? If so, please identify:

     (a)     each tangible item's specific subject matter;

     (b)     the date it was made or taken;

     (c)     the name and address of the person making or taking it;

     (d)     what each item purports to show, illustrate or represent; and

     (e)     the name and address of each person having custody of such item or items.

     **ANSWER:**

5.      State the name, address, occupational title, and present whereabouts of each person whom you expect to call as an expert witness at the trial of this case, and with respect thereto, state the following:

(a)      the subject matter on which the expert is expected to testify;

(b)      the substance of the facts and opinions to which the expert is expected to testify;

(c)      a summary of the grounds for each opinion to which the expert is expected to testify; and

(d)      whether any reports or other written materials or letters have been generated by such expert for this case.

**ANSWER:**

6.      Identify all expert witnesses who have been retained or specially employed by you, your attorney, or any other person acting on your behalf in anticipation of litigation or preparation of trial and who is not expected to be called as a witness at trial, whose facts or opinions are impractical for the plaintiff to obtain by other means.    With respect to each expert, state the following:

(a)      the subject matter on which the expert is expected to testify;

(b)      the substance of the facts and opinions to which the expert is expected to testify;

(c)      a summary of the grounds for each opinion to which the expert is expected to testify; and

(d)      whether any reports or other written materials or letters have been generated by such expert for this case.

**ANSWER:**

7.      Please explain the nature of the employment relationship between you and Rafique Thompson on the day of the wreck (employee, lease operator, company driver, temporary driver, owner-operator, etc.) and include the date the relationship began, the date it terminated, and, if applicable, the person from your company involved in any such termination.

**ANSWER:**

9

    8.     Please state the name, address, home phone number, office phone number, and address of employment for each and every person, firm, or entity who:

    (a)    witnessed the wreck described in the Complaint;

    (b)    arrived at the scene of the wreck within two (2) hours after it occurred;

    (c)    has or who claims to have knowledge of liability in this action; and/or

    (d)    has or who claims to have knowledge of damages in this action.

**ANSWER:**

    9.    As to the driver of your vehicle being operated at the time of the wreck, please state:

    (a)    the driver's complete name;

    (b)    the driver's present home address;

    (c)    and such driver's mode of compensation.

**ANSWER:**

10

10.     Please state all facts on which you rely as tending to show any negligence or lack of care of any kind on the part of the plaintiff regarding the occurrence of the subject motor vehicle collision.

**ANSWER:**

11.     If you contend that any or all of the injuries and/or medical bills claimed by the Plaintiff in this action are not the result of the collision giving rise to this lawsuit, please describe the basis of any such contention, identify all facts which support the contention and all persons with knowledge of those facts, which specific injuries/bills you contend are unrelated and the specific event/incident, if any, you contend brought about the unrelated injuries/bills.

**ANSWER:**

12.     If you contend that a person or entity, not a party to this action, acted in such a manner as to cause or contribute to the subject motor vehicle collision and/or the injuries to the plaintiff, give a statement of the facts upon which you rely, the name and address of the person or entity, and exactly in what manner such other vehicle or person contributed thereto.

**ANSWER:**

11

13.     State whether or not you have any evidence to indicate that any of the parties or witnesses to this matter have ever been convicted of a felony, or misdemeanor involving moral turpitude. If so, specify the nature of the offense, date of the offense, date of conviction, court of conviction and whether they pled guilty to the charge convicted of or any lesser charge.

**ANSWER:**

14.     Describe in detail the initial and continuing training requirements for your truck drivers, including employees and "independent" drivers, as of December 2, 2019, including driving history and all training provided by this defendant or required by this defendant of truck operators, including all safety courses, manuals, procedures, videos, instructions, certificates, licenses, required operational time, required driving record, etc. and including all training, certificates, licenses, etc. Rafique Thompson possessed to operate the truck on December 2, 2019.

**ANSWER:**

12

15.   As to the trip in which the truck was engaged at the time of the motor vehicle collision in question, give the following information:   The date, time and place the truck left its home base to start the trip; the nature and purpose of the trip; the places, dates, times and locations of each stop; when and where it was scheduled to end; and the names, addresses, and telephone numbers of each person with knowledge regarding the truck's whereabouts during the 24 hours prior to the motor vehicle collision which is the subject of this litigation.

**ANSWER:**

16.   Please state whether your 2019 International truck contained or utilized an on-board recording device, dash camera, Smartdrive or similar monitoring system, engine control module, event data recorder, on-board computer, transponder, tachograph, trip monitor, trip recorder, trip master, toll payment device, Qualcomm, GPS or other device known by any other name which records information concerning the operation and location of the vehicle.   If so, please state the name and address of the person having custody of the graphs, printouts, raw data, and/or other documentary evidence produced or capable of being produced by said machine regarding any data for any and all parts of the trip which ultimately was involved in the accident which forms the basis of Plaintiff's Complaint.

**ANSWER:**

13

17.     State the name and address for the Safety Director and/or the Federal Safety

Regulation Compliance Officer and the Terminal Manager for your organization who were in the

positions named above at the time of the subject motor vehicle collision and during any portion

of the trip which ultimately involved the motor vehicle collision referenced in the Complaint,

including whether said person(s) are still in your employ.

**ANSWER:**



18.     Describe in detail the damage and extent of damage to all vehicles involved in the

motor vehicle collision and if the defendants' vehicle was inspected, appraised or repaired, the

date of the inspection, appraisal, or repair, the name, address and telephone number of the

person(s) who performed the inspection, appraisal or repair and the findings of same.

**ANSWER:**

19.    State whether you have any evidence that any individual involved in this motor vehicle collision, whether as a driver, passenger, or otherwise, consumed any drugs, alcohol, narcotics, sedatives, tranquilizers, and/or medication within the twenty-four (24) hours preceding the motor vehicle collision and, if so, identify the substance consumed, the quantity consumed, the time and place of consumption, and the name and address of all persons present at the time of the consumption and the results of any testing.

**ANSWER:**

20.    State whether or not any equipment on the truck operated by defendant Rafique Thompson was missing, defective, inoperative or in need of repair at the time of the subject motor vehicle collision and, if so, the nature of the defect, the date and time you first became aware of the defect, the identity of the person who last worked on the vehicle in an effort to cure or correct the defect, the identity of all individuals known to you who have knowledge of said defect, and whether such defect in any way contributed to the subject motor vehicle collision.

**ANSWER:**

21.    With regard to the motor vehicle collision complained of in the plaintiff's Complaint, please set forth the following:

(a)    Your understanding of the facts and circumstances which caused or allegedly caused said injuries to the plaintiff and how you contend that the motor vehicle collision which is the subject of this action took place;

(b)    Whether there existed, as of the date of the subject motor vehicle collision, a procedure under which such incidents, if any, were reported to you, and whether such a report relating to this motor vehicle collision was in fact prepared by any person, and if so, by whom it was prepared, the time and date it was prepared and the name, business and residence addresses and telephone numbers of the present custodian of any such report. Please attach a copy of any such report to your answers.

**ANSWER:**


**REQUEST FOR PRODUCTION OF DOCUMENTS**

1.    Copies of any incident or accident reports, prepared by any person or entity other than your lawyer, pertaining to the wreck described in the Complaint.

**RESPONSE:**

16

2.      Any repair estimates for damages to the vehicles which were involved in this wreck. Please include the physical address of the current location of your truck that was involved in this motor vehicle wreck.

**RESPONSE**:

3.      Copies of any photos, still or motion pictures, plans, maps, drawings, blueprints, sketches, diagrams, measurements, recordings, computer simulations or any other demonstrative evidence pertaining to this wreck, including without limitation, pictures of the vehicles involved in the present collision and the area of the collision.

**RESPONSE**:

4.      Any and all personnel, training, human resource, risk management, safety and all other files concerning your driver Rafique Thompson, including all disciplinary records, medical and disability records, accident/incident reports, driving records, driving history, criminal records, applications, agreements, contracts, acknowledgements, 1099s, W-2s, payroll records, and all other files concerning Rafique Thompson.

**RESPONSE**:

5.      Any and all call-in reports or "accident call records" generated pertaining to this wreck.

**RESPONSE**:

6.      Copies of all ownership, lease, rental and/or other agreements regarding the truck, trailer and/or the driver involved in the present collision which may have been applicable at the time of the present collision.

**RESPONSE**:

17

7.      Copies of any documents or writings which you contend support any contention that this wreck was the fault of any other person or entity.

**RESPONSE**:

8.      Complete copies of each and every insuring agreement, bond or reinsurance agreement, along with all declaration's pages, amendments, endorsements, and changes to the policies identified in response to the foregoing Interrogatories.

**RESPONSE**:

9.      Copies of all driver's manuals and company rules, manuals, policies, and/or procedures in effect at the time of the wreck described in Plaintiff's Complaint regarding the use and/or operation of vehicles.

**RESPONSE**:

10.     Copies of all statements in any form from any person regarding the present collision, the Plaintiff and/or Plaintiff's past medical care, including but not limited to statements made by the Plaintiff.

**RESPONSE**:

11.     Each and every document and/or record of whatever nature obtained by defense counsel by way of *subpoena duces tecum*.

**RESPONSE**:

12.     All documents and photographs regarding any defect, damage, inspection, maintenance, or repair to the vehicles that were involved in the subject motor vehicle collision.

**RESPONSE**:

18

13.    Any and all documents related to the relationship of employment or the issues of scope of employment of Rafique Thompson.

**RESPONSE**:

14.    Defendant Rafique Thompson's time cards, logs, and any other records regarding his employment, time on the clock, and whereabouts on December 2, 2019 and the 24 hours leading up to the time of this subject motor vehicle collision.

**RESPONSE**:

15.    Every document or other tangible thing or evidence of any nature whatsoever, regarding the taking of any breath, blood or urine tests or results thereof or of the consumption of any drugs, alcohol, narcotics, sedatives, tranquilizers, and/or medication by any party to this suit within the twenty-four (24) hours preceding the subject motor vehicle collision.

**RESPONSE**:

16.    All written reports of any expert witnesses identified by you or whom you intend to call at trial.

**RESPONSE**:

17.    All documents or other tangible things provided to any expert witnesses identified by you or whom you intend to call at trial.

**RESPONSE**:

19

18.  A copy of all driving records you have on file regarding Rafique Thompson for any and all times, including Rafique Thompson's driver's licenses in effect on the date of the motor vehicle collision and all driving history reports, MVRs, DMV records, traffic citations, accident reports, property damage records, etc. in your possession regarding Rafique Thompson.

**RESPONSE**:

19.  Each and every document, writing, paper, or letter which you intend to utilize as a basis for grounds for any defense in this action or which you expect to offer into evidence upon the trial of this action.

**RESPONSE**:

20.  All documents, photographs, videotapes, drawings, sketchings, writings, papers, and/or letters related to the subject matter of this suit in any manner whatsoever or the plaintiff.

**RESPONSE**:

21.  Every document or other tangible thing of any nature whatsoever, including but not limited to, *ex parte* affidavits, statements in writing, all recorded statements which impeach or relate to the credibility of any witness who has knowledge of any facts regarding this case.

**RESPONSE**:

22.  Any medical records or reports (excluding those produced by the plaintiff to the defendant) that defendant has received relating to the medical history and medical treatment of the plaintiff.

**RESPONSE**:

23.     Every document or other tangible thing of any nature whatsoever which you relied on in answering any Interrogatories or reviewed in answering any Interrogatories or from which you received any information in answering Interrogatories not otherwise requested in this Request for Production of Documents.

**RESPONSE**:

24.     Copies of all documents, correspondence, and reports sent to or received from any federal, state, or local regulatory agency regarding the subject motor vehicle collision.

**RESPONSE**:

25.     Copies of any and all daily vehicle inspection reports concerning the subject truck involved in the motor vehicle collision for the 30 days prior to the collision, through and including the 10 days after the motor vehicle collision.

**RESPONSE**:

26.     Copies of the complete maintenance records for the truck involved in this motor vehicle collision for the six (6) months prior to and including the motor vehicle collision.

**RESPONSE**:

27.     Any and all of the driver's logs, fuel receipts, toll receipts, food receipts, checks, drafts, daily trip reports, time cards, payroll records, and all other records for Rafique Thompson in the 24 hours prior to the motor vehicle collision which is the subject of this litigation.

**RESPONSE**:

28.     All training, qualifications, certifications, licenses, records of operational hours, etc. Rafique Thompson had to operate trucks up to the time of the collision which is the subject of this litigation.

**RESPONSE**:

29.     The original raw data and copies of any and all printouts of any on-board recording device, Smartdrive or similar monitoring systems, engine control module, event data recorder, on-board computer, collision warning system, transponder, tachograph, trip monitor, trip recorder, trip master, toll payment device, GPS, or other device known by any other name which records information concerning the operation of the vehicle operated by Rafique Thompson for the period commencing 48 hours before the motor vehicle collision through and including the occurrence of the motor vehicle collision.

**RESPONSE**:

30.     A copy of Rafique Thompson's company cell phone call and activity log or itemization for December 2, 2019.

**RESPONSE**:

22

31.    All dashboard camera video footage, driving recorder video footage, onboard

video camera footage or other video footage of the defendant driver and/or the defendant's

vehicle for the 12 hours leading up to and including the occurrence of the collision, and for the

two hours following the collision.

**RESPONSE**:

MEGAN JONCAS

By: _____

Of Counsel

Colin P. O'Dawe, Esq.
(VSB #74162)
KALFUS & NACHMAN, PC
870 N. Military Highway, Suite 300
Norfolk, Virginia 23502
757-461-4900 telephone
757-461-1518 facsimile
cpo@knlegal.com

VIRGINIA:   IN THE CIRCUIT COURT FOR THE CITY OF SUFFOLK

MEGAN JONCAS,

          Plaintiff

vs.                               CASE #:      CL21599

RAFIQUE THOMPSON,

and

WERNER ENTERPRISES, INC.,

          Defendants.

**REQUEST FOR ADMISSIONS TO WERNER ENTERPRISES, INC.**

**TO:**    **WERNER ENTERPRISES, INC.**
       *R/A Corporate Creations Network, Inc.*
       *425 West Washington Street, Suite 4*
       *Suffolk, Virginia 23434-5320*

      NOW COMES the plaintiff, Megan Joncas, by counsel, pursuant to Rule 4:11 of the

Rules of the Supreme Court of Virginia and requests defendant, Werner Enterprises, Inc. to admit

or deny the truth of each of the statements of facts herein stated.

DEFINITIONS

      a.    The term "collision" refers to the vehicle accident involving, the motor vehicle

operated by Megan Joncas and a tractor trailer commercial truck operated by Rafique Thompson

on December 2, 2019 as set forth in the Complaint.

      b.    The terms "roadway," "road," and "highway," all refer to Holland Road near its

intersection with Chappell Drive in the City of Suffolk, Virginia where the accident occurred,

unless specifically stated otherwise within the request.

c.      Unless specifically stated otherwise within the request, the terms "site" and "scene" refer to the entire area where the subject incident occurred, encompassing the places where the various vehicles first made contact, the places where they came to rest, and all areas in between.

d.      Rather than expressly qualifying each individual request with the phrase "at the time and place in question," these requests implicitly refer to the approximate time and place of the subject incident, unless specifically stated otherwise within the request.

e.      Where the plaintiff requests admission of facts, knowledge or information (or lack thereof) in possession of the defendant, such request for admission indicates knowledge of not only the defendant, but also of the defendant's agents, insurer(s) (including the insurer's agents and employees), representatives, and, unless privileged, the defendants' attorneys (including the attorneys' agents and employees).

## REQUESTS

1.      Admit that on December 2, 2019 at or about 7:01 p.m., Werner Enterprises, Inc. was the owner of the 2019 International Tractor Trailer commercial truck bearing USDOT number 53467.

**RESPONSE:**

2.      Admit that the 2019 International Tractor Trailer commercial truck was being operated by Rafique Thompson at the time of the collision.

**RESPONSE:**

2

3.   Admit that Rafique Thompson was working within the scope of his employment with Werner Enterprises, Inc. at the time of the collision.

**RESPONSE:**

4.   Admit that at the time of the collision Rafique Thompson had the express and/or implied permission of Werner Enterprises, Inc. to operate the 2019 International Tractor Trailer commercial truck.

**RESPONSE:**

5.   Admit that Werner Enterprises, Inc. is vicariously liable for the negligence of Rafique Thompson as alleged in the Complaint if proven.

**RESPONSE**:

6.   Admit that Werner Enterprises, Inc. is the correct legal name of the entity named named in the Complaint.

**RESPONSE:**

3

7.   Admit that Werner Enterprises, Inc. was properly served with the Complaint.

**RESPONSE:**


8.      Admit that the City of Suffolk Circuit Court in Virginia has jurisdiction over the

subject matter of this lawsuit.

**RESPONSE:**


9.      Admit that venue is proper in the City of Suffolk, Virginia.

**RESPONSE:**


**PLAINTIFF'S SECOND SET OF INTERROGATORIES**
**AND REQUEST FOR PRODUCTION OF DOCUMENTS**

INSTRUCTIONS

Please refer to the instructions as set forth in Plaintiff's First Set of Interrogatories.

1.      If your answers to any of the Request for Admissions are anything other than

admitted, please state all the facts or opinions upon which you base your response together with

the name of the person(s) having knowledge of facts or holding such opinion.

**RESPONSE:**

4

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.  Please identify and attach all documents or other tangible things of any nature

whatsoever regarding your answer to the preceding Interrogatory.

### RESPONSE:

MEGAN JONCAS

By_____
Of Counsel

Colin P. O'Dawe, Esq.
(VSB#74162)
KALFUS & NACHMAN, P. C.
870 North Military Highway, Suite 300
P. O. Box 12889
Norfolk, Virginia 23541-0889
(757) 461-4900
(757) 461-1518 (Facsimile)
cpo@knlegal.com

5

MAR 1 2 2021